UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICHOLE GOFFNETT,

               Plaintiff,                       Civil Case No. 20-11706
                                                      Honorable Linda V. Parker

v.

COMMISSIONER OF SOCIAL
SECURITY,

               Defendant.
_____/

**OPINION AND ORDER (1) ADOPTING MAGISTRATE JUDGE'S
AUGUST 9, 2021 REPORT AND RECOMMENDATION [ECF NO. 14]; (2)
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [ECF
NO. 11]; (3) GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT [ECF NO. 12]; AND
(4) AFFIRMING DEFENDANT'S DECISION**

In this lawsuit, Nichole Goffnett ("Plaintiff") challenges the Commissioner

of Social Security's decision on June 26, 2020, to end her disability insurance

benefits ("DIB") under the Social Security Act ("the Act"). (ECF No. 1.) On the

same day, this Court referred the matter to Magistrate Judge Elizabeth A. Stafford

for a determination of all non-dispositive matters pursuant to 28 U.S.C.

§ 636(b)(1)(A) and/or a report and recommendation ("R&R") on all dispositive

matters pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). (ECF No. 3.)

The parties subsequently filed cross-motions for summary judgment. (ECF

Nos. 11, 12.) On August 9, 2021, Magistrate Judge Stafford issued an R&R in

which she recommends that this Court deny Plaintiff's motion, grant the

Commissioner's motion, and affirm the Commissioner's decision. (ECF No. 14.)

At the conclusion of the R&R, Magistrate Judge Stafford advises the parties

that they may object to and seek review of the R&R within fourteen days of service

upon them. (*Id*. at Pg ID 878-79.) She further specifically advises: "If a party

fails to timely file specific objections, any further appeal is waived." (*Id*. at Pg ID

878) (citing *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991).) Plaintiff

filed objections to the R&R on August 20, 2021. (ECF No. 15.) The

Commissioner filed a response to Plaintiff's objections on August 25, 2021. (ECF

No. 16.)

## **BACKGROUND**

### 1. **Plaintiff's Disability Application and the Administrative Process**

Plaintiff was born on April 19, 1980, making her 35 years old on her alleged

onset date of November 15, 2015. (ECF No. 7-2 at Pg ID 38.) Plaintiff had past

relevant work as a certified nursing assistant, short order cook, line cook, cook

helper, and server. (*Id*. at Pg ID 45.) Plaintiff claimed disability from tibia

fractures, fibia fractures, pilon fractures, non-weight bearing on the right leg, and

swelling. (ECF No. 7-3 at Pg ID 91-92.)

After the Commissioner denied Plaintiff's application initially, Plaintiff

requested a hearing which took place before an ALJ on September 7, 2018. (ECF

No. 7-2 at Pg ID 56-89.)  Plaintiff and a vocational expert ("VE") testified at the hearing.  (*Id*.)  On November 14, 2018, the ALJ wrote a partially favorable decision finding that Plaintiff was disabled due to degenerative joint disease of the right ankle, post-operative for tibia/fibia fractures, and obesity from November 15, 2015 to June 27, 2017.[1]  (*Id*. at Pg ID 38-50.)  The ALJ also found that Plaintiff had a medical improvement related to her ability to work.  (*Id*. at Pg ID 38.)  Accordingly, the ALJ found Plaintiff not disabled as of June 28, 2017.  (*Id.* at 50.)

This decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on April 30, 2020.  (*Id.* at Pg ID 26-28.)  Plaintiff timely filed for judicial review.  (ECF No. 1.)

## 2. **The Evaluation Framework**

An ALJ considering whether an applicant continues to be disabled is required to analyze eight sequential steps to evaluate the claim.  20 C.F.R. § 404.1594(f); *see also Long v. Sec. of Health and Human Services*, 45 F.3d 430 (6th Cir. 1994).  First, for DIB, if the applicant is "doing substantial gainful activity," he or she will be found no longer disabled.  20 C.F.R. § 404.1594(f). "This condition … is the first step in the sequential evaluation process for determining that disability has ended."  *Johnson v. Sec. of Health and Human*

---

[1] The ALJ also found that Plaintiff has a history of eczema but that the impairment was nonsevere.  (ECF No. 7-2 at Pg ID 42.)

3

*Services*, 948 F.2d 989, 991 (6th Cir. 1991).  The next steps are summarized as follows:

> (2) If not engaged in substantial gainful employment, does the recipient have an impairment which would result in a new finding of disability? (If yes, the disability is found to be continuing.)
>
> (3) If no, has there been medical improvement in the condition which was originally found to be disabling? (If no, the disability is usually found to continue.) ….
>
> (4) If there has been medical improvement, is it related to the ability of the recipient to do work? (If no, disability is probably found to be continuing ….)
>
> (6) If medical improvement is shown, is the recipient's current impairment nonetheless severe? (If no, disability ceases.)
>
> (7) If the current impairment is severe, can the recipient do the work which he [or she] did before determined to be disabled? (If yes, the disability ceases.)
>
> (8) If the recipient cannot do the work done in the past, can the recipient do other work?

*Id.* (citing 20 C.F.R. § 404.1594(f)).  The ALJ applied this framework and found Plaintiff no longer disabled.  (ECF No. 7-2 at Pg ID 50.)

### 3.  **The ALJ's Decision**

At the first step, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since November 15, 2015.  (ECF No. 7-2 Pg ID 41.) The ALJ then found that Plaintiff had not developed any new impairments since

June 28, 2017. (*Id.* at Pg ID 46.) The ALJ next determined that Plaintiff had a

medical improvement as of June 28, 2017. (*Id.* at Pg ID 47.) The ALJ found the

following medical improvement had occurred:

> Dr. Taha, the claimant's orthopedic specialist noted that
> examination of the right ankle showed god [sic] overall
> alignment. She could dorsiflex to neutral and a little
> past neutral and she could plantar flex her ankle. There
> was in [sic] instability to varus/valgus stress, but good
> overall alignment. Eversion strength overall was good
> as well. Imaging showed the nonunion [fracture]
> appeared to be healed …. Physical therapy notes
> indicated the claimant felt 75% overall improvement.
> …. Treatment notes indicated she could ambulate
> outside on uneven surfaces without loss of balance
> without using her assistive device ….

(*Id.*)

The medical improvement was determined by the ALJ to be related to

Plaintiff's ability to work because of the increase in her RFC. (*Id.*) Plaintiff was

assessed to have the RFC to perform light work as defined in 20 C.F.R.

§ 404.1567(b) with the following additional limitations: "She can never climb

ladders, rope or scaffolds. There could be no commercial driving. She could only

occasionally crouch or kneel." (*Id.*) Next, the ALJ determined that Plaintiff could

not perform her past relevant work. (*Id.* at 49.) At the final step, the ALJ

considered whether a significant number of jobs exist in the national economy that

Plaintiff could perform given her age (35 on the date of her disability application),

education (high school), and RFC as of June 28, 2017.  (*Id.*)  The ALJ concluded

that there are jobs in significant numbers in the national economy that Plaintiff

could perform such as a general office helper, assembler, sorter.  (*Id.*)

In the R&R, Magistrate Judge Stafford finds no error in the ALJ's analysis.

(*See* ECF No. 14.)  Magistrate Judge Stafford found substantial evidence in the

record to support the ALJs findings.  (*Id.* at Pg ID 877.)

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g):

> Any individual, after any final decision of the
> Commissioner of Social Security made after a hearing to
> which he was a party . . . may obtain a review of such
> decision by a civil action . . .. The court shall have the
> power to enter . . . a judgment affirming, modifying, or
> reversing the decision of the Commissioner of Social
> Security, with or without remanding the cause for a
> rehearing.  The findings of the Commissioner of Social
> Security as to any fact, if supported by *substantial
> evidence*, shall be conclusive . . ..

42 U.S.C. § 405(g) (emphasis added); *see also Boyes v. Sec'y of Health and

Human Servs.*, 46 F.3d 510, 511-12 (6th Cir. 1994).  "Substantial evidence is

defined as 'such relevant evidence as a reasonable mind might accept as adequate

to support a conclusion.'"  *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th

Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).  The

Commissioner's findings are not subject to reversal because substantial evidence

exists in the record to support a different conclusion.  *Buxton v. Halter*, 246 F.3d

6

762, 772 (6th Cir. 2001) (citing *Mullen v. Brown*, 800 F.2d 535, 545 (6th Cir. 1986)).  If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm.  *Studaway v. Sec'y of Health and Human Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1987).

When objections are filed to a magistrate judge's R&R on a dispositive matter, the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  The Court, however, "is not required to articulate all of the reasons it rejects a party's objections."  *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted); *see also Tuggle v. Seabold*, 806 F.2d 87, 92-93 (6th Cir. 1983).  A party's failure to file objections to certain conclusions of an R&R waives any further right to appeal on those issues.  *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues.  *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## PLAINTIFF'S OBJECTION & ANALYSIS

Plaintiff challenges the R&R on two grounds in summary:

1. The Report and Recommendation that the Commissioner's decision be affirmed on the basis of medical improvement is not supported by substantial evidence.

2.      The Report and Recommendation that the Commissioner's
        decision be affirmed as to the finding that Plaintiff did not
        require the use of a cane is not supported by substantial
        evidence.

(ECF No. 15 at Pg ID 882.)  Plaintiff's objections are copied almost verbatim from

the argument section of her Motion for Summary Judgement.  (*See* ECF No. 11;

*See also* ECF. No 15).  To properly object to an R&R, a plaintiff must do more

than merely restate the arguments set forth in her summary judgment motion.  *See*

*Owens v. Comm'r of Soc. Sec.*, 1:13-47, 2013 WL 1304470, at *3 (W.D. Mich.

Mar. 28, 2013) (indicating that the "Court is not obligated to address objections

[which are merely recitations of the identical arguments made before the

magistrate judge] because the objections fail to identify the *specific* errors in the

magistrate judge's proposed recommendations") (emphasis in original); *see also*

*Wallace v. Commr. of Soc. Sec.*, 15-11839, 2016 WL 4409062, at *2 (E.D. Mich.

Aug. 19, 2016) (finding waiver where Plaintiff "copied, pasted, and rebranded as

objections to the R&R …." argument sections from a motion for summary

judgement); *Nickelson v. Warden*, No. 1:11-cv-334, 2012 WL 700827, at *4 (S.D.

Ohio Mar. 1, 2012) ("[O]bjections to magistrate judges' reports and

recommendations are not meant to be simply a vehicle to rehash arguments set

forth in the petition.").  Plaintiff re-asserts the arguments stated in her summary

judgment motion to support her claim of error in the ALJ's analysis without

identifying how Magistrate Judge Stafford erred in evaluating those arguments.

8

Magistrate Judge Stafford found substantial evidence supporting the ALJ's conclusion that Plaintiff's medical condition improved as of June 28, 2017, specifically in physical examinations, Plaintiff's own statement of medical improvement and physical activity, and X-rays. [2]  (ECF No. 14 Pg ID 873-77.) Magistrate Judge Stafford also found no error in the ALJ's consideration of Plaintiff's use of a cane.  Magistrate Judge Stafford reasoned that the Plaintiff failed to show a cane was medically necessary for ambulation.  (*Id.* at 877-78.) For the reasons Magistrate Judge Stafford provided in her R&R, Plaintiff's arguments are without merit.  *See Jones v. Comm'r of Sec. Sec.*, 815 F. App'x 926, 931 (6th Cir. 2020) (citing Soc. Sec. Ruling 96-9p, 1996 WL 374185, at *7, which "explains that an ALJ should 'find that a hand-held assistive device is medically required,' only where there is 'medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the

---

[2] Magistrate Judge Stafford outlined Plaintiff's medical treatment in her Report and Recommendation but did not specifically address why Plaintiff's physical therapy was discontinued.  Plaintiff argues in her Motion for Summary Judgement that her physical therapy was discontinued due to issues with insurance costs and that this was contrary to the Commissioner's finding that a physical therapist discontinued treatment.  (ECF No. 11 at Pg ID 830-31) (citing ECF No. 7-8 Pg ID 691, a June 27, 2017 treatment note from Dr. Taha noting Plaintiff's insurance issues.) However, treatment records indicate that on May 23, 2017, a physical therapist discharged Plaintiff from treatment.  (ECF No. 7-9 Pg ID 791-92.)  Further, the Commissioner noted in his decision that although Plaintiff claimed no treatment because of high insurance deductibles at the hearing, she continued treatment for eczema.  (ECF No. 7-2 at Pg ID 48); *See* ECF No. 7-8 at Pg ID 694-96 (showing treatment for eczema from August 24, 2017, until May 30, 2018).

9

circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information).'") There is substantial evidence in Plaintiff's treatment notes that "she could ambulate outside on uneven surfaces … without loss of balance without using her assistive device." (ECF No. 7-9 at Pg ID 791.)

For these reasons, the Court rejects Plaintiff's objections to Magistrate Judge Stafford's R&R and adopts Magistrate Judge Stafford's recommendations.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for summary judgment (ECF No. 11) is **DENIED**;

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (ECF No. 12) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's decision finding Plaintiff not disabled under the Social Security Act is **AFFIRMED**.

**IT IS SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: September 21, 2021